MAT WILLIAMS ET AL. V. THE STATE.

No. 13556.   Delivered October 8, 1930.
Rehearing denied December 17, 1930.
Reported in 33 S. W. (2d) 445.

The opinion states the case.

*Wander & Williamson* of Houston, for appellants.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Mat Williams, Robert Mason and Eli Random were charged with the possession of a still for the manufacture of intoxicating liquor; penalty, confinement in the penitentiary for a period of three years.

In a five-room one-story house situated at 4410 Oliver Street in the city of Houston there was found by officers, in the execution of a search warrant, a still in operation and in the making of whisky.   In the same room in which the still was situated there were four 50-gallon barrels, a 10-gallon crock, several demijohns, bottles, a barrel, a cooler, a coil running into a 5-gallon demijohn bottle, and about four gallons of whisky in bottles.   There were about nineteen gallons of whisky in all.   The whisky was dripping into a 12-gallon crock in which there were about four gallons of whisky. The whisky was dripping out of a coil coming from a barrel called a

cooler and connected with a 50-gallon can. The still had been in operation from the heat of a stove, though the connection with the stove had been cut off. However, the fluid was still boiling.

When their premises were entered Mat Williams and Robert Mason were in the still room. Eli Random opened the door and let the officers in. Random told the officers that the still belonged to a negro named Franklin. There was some furniture in the house, including a cot, a mattress, two blankets and two pillows. The cot was not wide enough for three men to use. . There were dishes and some cooking utensils. There was testimony that the house belonged to a woman named White. Random was at the door when the officers arrived. Upon being informed that they had a search warrant to search the premises, he said: "All right; come in."

No witnesses were introduced by either of the appellants. The State's witnesses, however, were cross-examined by the attorney representing the defendants.

There are no legal questions presented for review. In argument it is suggested that the evidence is not sufficient to support the conviction of Mason and Random. Apparently the jury was justified in concluding that all of the parties were criminally connected with the possession of the still and other equipment for the manufacture of whisky.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the evidence does not sustain the verdict. We have re-examined the testimony. The three appellants were in a house which appeared to be vacant, that is, it had upon it a sign "For rent," and in said house, as stated in the original opinion, there was a large quantity of the finished product of the still and a complete still in operation. Neither one of the appellants introduced any testimony either by way of testifying himself or introducing any other witness who in any manner attempted to explain, combat or contradict the plain facts showing the presence of and possession by the appellants of the still.

The motion for rehearing will be overruled.

*Overruled.*